# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MARIO B. SUSWELL-EL, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>STATE OF NORTH CAROLINA, )<br>)<br>Respondent. ) | 1:12CV764 |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, has submitted a document entitled "Declaration Affidavit of Moorish American National Status of Inheritance and Indigenous Birth Rights." Attached to that document are many pages of typed and handwritten materials related to Petitioner's "Moorish American National Status." For the most part, the materials are nothing more than a declaration of that status and what Petitioner believes are associated rights. However, in at least one section, Petitioner demands that he be released from custody. (Docket Entry 1 at 29.)[1]  This means that his submission is an attack on his continued incarceration. Even though Petitioner has not used the correct forms for a habeas corpus petition under 28 U.S.C. § 2254, it therefore appears that Petitioner seeks to attack his state court criminal conviction. The document filed is not a recognizable method for achieving this goal. Instead, the proper avenue for such an attack is ordinarily a petition for habeas

---

[1] Page citations for this document refer to the pagination in the CM/ECF footer.

corpus. For this reason, the Court will construe the submission as a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody. For the following reasons, the Petition cannot be further processed.

1. Petitioner has not used the required § 2254 Forms. Rule 2, R. Gov. § 2254 Cases. The Clerk will forward to Petitioner the proper forms.

2. Filing fee was not received, nor was an affidavit to proceed *in forma pauperis* submitted and signed by Petitioner.

3. Petitioner should be aware that simply claiming to be a "Moor" or a member of the "Moorish American Nation" or similar groups will not defeat his state court convictions. See, e.g., Pitt-Bey v. District of Columbia, 942 A.2d 1132, 1136 (D.C. 2008) (rejecting a jurisdictional claim raised by a member of "The Nation of Moorish-Americans" based on international treaties). If Plaintiff chooses to file a habeas petition with this basis as his only claim, his petition will likely be subject to immediate dismissal under Rule 4 of the Rules Governing Section 2254 Cases.

Because of these pleading failures, the Petition will be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted.[2] The Court has no authority to toll the statute of limitation, therefore it continues to run, and Petitioner must act quickly if he wishes to pursue this

---

[2]Because Petitioner's submission is being dismissed without prejudice and is not being decided on its merits, this case will not count as a first petition which would later trigger the prohibitions against second or successive petitions found in 28 U.S.C. § 2244(b). However, if Petitioner chooses to later submit a § 2254 petition that conforms with this Order and Recommendation, he should be aware that he is normally entitled to have only one § 2254 petition decided on its merits. Second or successive petitions are barred from consideration by this Court unless a petitioner first receives permission from the Fourth Circuit Court of Appeals to file such a petition. 28 U.S.C. § 2244(b). That permission is granted only in very narrow circumstances. Because of this, Petitioner should act carefully in resubmitting a petition. See generally Castro v. United States, 540 U.S. 375 (2003). If Petitioner wishes to challenge his conviction, he must use the § 2254 forms supplied by the Court, include all of the claims for relief he wishes to raise, and closely follow the instructions provided. Petitioner may also choose not to submit a petition. Finally, if Petitioner wants a form of relief other than relief from his conviction or sentence, he should make that clear in any new submission and should state that he is not seeking to attack his conviction or sentence. He should not use the § 2254 forms in that instance.

Petition. See Spencer v. Sutton, 239 F.3d 626 (4th Cir. 2001). To further aid Petitioner, the Clerk is instructed to send Petitioner a new application to proceed *in forma pauperis*, new § 2254 forms, and instructions for filing a § 2254 petition, which Petitioner should follow.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation of dismissal with permission to file a new petition which corrects the defects of the present Petition.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis*.

**IT IS RECOMMENDED** that this action be construed as a habeas petition under 28 U.S.C. § 2254 and dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current Petition. The new petition must be accompanied by either the five dollar filing fee or a current application to proceed *in forma pauperis*.

／s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

Date: August 2, 2012